**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| JOANALYN LIM JUANGA, | No. 23-1200 | |
| Petitioner, | Agency No. A215-598-455 | |
| v. | | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* | |
| Respondent. | | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024**
Pasadena, California

Before: IKUTA, R. NELSON, and BRESS, Circuit Judges.

Joanalyn Lim Juanga, a native and citizen of the Philippines, petitions for

review of an order from the Board of Immigration Appeals (BIA) dismissing her

appeal of a final order of removal issued by an Immigration Judge (IJ). We have

jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review. In

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the circumstances of this case, "we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021).

Substantial evidence supports the BIA's ruling that Juanga did not qualify for asylum or withholding of removal. *Id.* at 1060. The BIA properly determined that any harm Juanga may have suffered, even in the aggregate, did not rise to the level of past persecution. *See, e.g.*, *id.* at 1063–64. Juanga was not physically harmed in the Philippines or subject to threats "so menacing as to cause significant actual suffering or harm[.]" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quotation omitted). The one-time threatening actions of her uncle did not rise to the level of persecution, even considering that Juanga was a child when the incident occurred. *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045–46 (9th Cir. 2007).

The BIA's holding that Juanga lacked an "objectively reasonable" fear of future persecution is also supported by substantial evidence. *Sharma*, 9 F.4th at 1065. Juanga failed to establish that she would be singled out for persecution. The agency did not err in forecasting that Juanga was unlikely to experience future mistreatment upon return to the Philippines, particularly given that Juanga's mother and sister relocated to a different city in the Philippines and remained

unharmed. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *see also Duran-Rodriguez*, 918 F.3d at 1029 & n.2. The BIA correctly concluded that Juanga's fears of future persecution were "speculative."

Finally, substantial evidence supports the BIA's decision that Juanga is not entitled to relief under the Convention Against Torture (CAT). The BIA correctly concluded that Juanga has not shown any evidence of past torture, 8 C.F.R. § 1208.16(c)(3)(i), or that the government of the Philippines would acquiesce to any future torture experienced by Juanga, *id.* § 1208.18(a)(1); *Sharma*, 9 F.4th at 1067. The BIA's conclusion is supported by evidence that Juanga "could relocate to a part of the country of removal where [Juanga] is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3)(ii).

**PETITION DENIED.**